IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERLINDA DOMINGUEZ, | ) | CIV. NO. 10-00094 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION TO DISMISS |
| vs. | ) | |
| | ) | |
| ROY CHANG and HARVEY | ) | |
| DEMETRAKOPOULOS; DOES 1-10;, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

I.      INTRODUCTION.

        This diversity action is a legal malpractice case
brought by Plaintiff Erlinda Dominguez against the attorneys who
represented her in an underlying legal malpractice case brought
by her former clients, the Barnedos.  Dominguez represented Junie
and Juan Barnedo in a product liability case in 1999, and they
sued Dominguez in connection with that representation.
Defendants Roy Chang and Harvey Demetrakopoulos were co-counsel
with Dominguez in her defense of the Barnedos' legal malpractice
action.  The jury rendered a verdict against Dominguez in March
2003, and judgment was entered against her in October 2003.

        Dominguez now brings the instant pro se action,
asserting that Defendants malpracticed in representing her in the
legal malpractice action against her.  Dominguez filed her
original Complaint on February 23, 2010.  See ECF No. 1.  The
court granted Dominguez leave to amend her Complaint, and

Dominguez filed a First Amended Complaint on September 14, 2010.
See ECF No. 37.

Defendants have filed a motion to dismiss Dominguez's
First Amended Complaint, arguing that the claims are barred by
the statute of limitations and by collateral estopppel and also
fail to sufficiently allege causation.  The court concludes that
Counts I, II, and III are time-barred, that part of Count IV is
also time-barred, and that the remaining portion of Count IV
fails to state a claim.  Dominguez's First Amended Complaint is
dismissed on those grounds.

II.      BACKGROUND FACTS.

In 1989, Dominguez represented the Barnedos in federal
court in Barnedo v. Marukiku Menki, Inc., Civ. No. 89-00730, a
product liability case.  See First Am. Compl. ¶ 9, ECF No. 37.
The Barnedos are Filipino citizens who alleged an injury from a
defectively manufactured machine made by Marukiku, a Japanese
company.  Id.  In 1993, the district court entered default
judgment in favor of the Barnedos for $483,875.07.  See Summ.
Disposition Order 1, ECF No. 38, Ex. F.  Dominguez allegedly
failed to collect the default judgment, and the Barnedos only
received worker's compensation benefits.  See First Am. Compl.
¶ 9.

In 1992, Marukiku filed suit in Japan against the
Barnedos.  A Japanese court entered default judgment in favor of

2

Marukiku because the Barnedos failed to appear for oral argument or to answer Marukiku's complaint, despite allegedly having been duly summoned.  <u>See</u> Summ. Disposition Order 1-2, ECF No. 38, Ex. F.  Dominguez argues that the Barnedos "were not summoned by Japan," and thus the judgment was void.  <u>See</u> First Am. Compl. ¶ 29.  The Hawaii Intermediate Court of Appeals disagreed and stated that the Japan judgment was valid and properly authenticated.  <u>See</u> Summ. Disposition Order 2 n.2, ECF No. 38, Ex. F.

In 1999, the Barnedos filed <u>Barnedo v. Dominguez</u>, Civ. No. 99-2847-07, a legal malpractice case against Dominguez, in Hawaii state court.  <u>See</u> First Am. Compl. ¶ 8.  The Barnedos alleged that Dominguez failed to collect on a default judgment, to represent the Barnedos in a suit filed against them in Japan, and to serve the complaint in accordance with the Hague Convention.  <u>See</u> <u>id.</u> ¶ 9.  Defendants Roy Chang and Harvey Demetrakopoulos represented Dominguez in the state court legal malpractice case.

On March 20, 2003, the jury returned a verdict for the Barnedos in the amount of $485,000.  The First Circuit Court of Hawaii entered judgment on October 14, 2003.  <u>See</u> ECF No. 38, Ex. A.  On January 26, 2004, Dominguez appealed.  The Hawaii Supreme Court deemed the appeal premature and dismissed it for lack of jurisdiction.  <u>See</u> ECF No. 38, Ex. B.  On February 9,

2004, the First Circuit Court amended the judgment to state a damage award of $483,875.09 against Dominguez.  See ECF No. 38, Ex. C.  With prejudgment interest, the amount awarded to the Barnedos increased to approximately $1.5 million.  See Summ. Disposition Order 2-3, ECF No. 38, Ex. F.  On February 26, 2004, Chang and Demetrakopoulos withdrew from the case, as permitted by the First Circuit Court of Hawaii.  See ECF No. 38, Ex. D.  On September 29, 2006, the Hawaii Supreme Court rendered a summary disposition order affirming the First Circuit Court's February 9, 2004, amended final judgment.  See Summ. Disposition Order 11-12, ECF No. 38, Ex. E.

On February 23, 2010, Dominguez filed the present suit, alleging that Chang and Demetrakopoulos had committed legal malpractice.  On September 14, 2010, Dominguez filed her First Amended Complaint, which listed four counts.  See First Am. Compl., ECF No. 37.  Dominguez alleges that Defendants failed to raise a jurisdictional challenge, refused to present key defenses, failed to object to matters prejudicial to her, and damaged her credibility with the trial and appellate court.  See id. ¶¶ 16, 31, 35, 47.  Chang and Deemetrakopoulos move to dismiss Dominguez's First Amended Complaint, arguing that Dominguez's claims are barred by the statute of limitations and collateral estoppel, and also fail to sufficiently allege causation.  See Defs. Mot. Dismiss, ECF No. 38.

III.      LEGAL STANDARD.

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006). A complaint cannot be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim. Conley v. Gibson, 335 U.S. 41 (1957); Pesnell v. Arsenault, 543 F.3d 1038, 1042 (9th Cir. 2008). A motion to dismiss based only on the running of the statute of limitations period may be granted "if the assertions of the complaint, read with liberality, would not permit the plaintiff to prove that the statute was tolled." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (internal quotations omitted).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation

marks omitted); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949
(2009) ("the pleading standard Rule 8 announces does not require
'detailed factual allegations,' but it demands more than an
unadorned, the-defendant-unlawfully-harmed-me accusation").
"While a complaint attacked by a Rule 12(b)(6) motion to dismiss
does not need detailed factual allegations, a plaintiff's
obligation to provide the 'grounds' of his 'entitlement to
relief' requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will
not do." Twombly, 550 U.S. at 555. The complaint must "state a
claim to relief that is plausible on its face." Id. at 570. "A
claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged." Iqbal,
129 S. Ct. at 1949.

     At the hearing, Dominguez argued that her case should
go to a jury because the Magistrate Judge granted her leave to
amend her complaint. See ECF No. 35. Dominguez asserted that
Defendants' motion to dismiss raises the same arguments raised
when she sought leave to file an amended complaint. Given the
leave granted to amend the complaint, Dominguez argued that
Defendants' dismissal arguments were meritless. Dominguez
confuses the standards for an amended complaint under Rule 15 of
the Federal Rules of Civil Procedure, which states that leave

shall be freely given, and a motion to dismiss under Rule 12.
Even if Defendants are making the same arguments, the court
analyzes the different motions according to different standards.
On this motion to dismiss, the court applies the Rule 12(b)(6)
standard.

IV.      ANALYSIS.

         A.       Counts I, II, and III are Time-Barred.

         Under Hawaii law, a six-year statute of limitations
applies to legal malpractice claims, whether they sound in tort
or contract.  See Higa v. Mirikitani, 55 Haw. 167, 173, 517 P.2d
1, 5-6 (1973); Blair v. Ing, 95 Haw. 247, 267, 21 P.3d 452, 472
(2001).  Section 657-1(1) of Hawaii Revised Statutes states that
a six-year statute of limitations period applies to "the recovery
of any debt founded upon any contract, obligation, or liability".
Haw. Rev. Stat. § 657-1(1).

         To determine the date on which a cause of action
accrues, Hawaii courts apply the discovery rule.  See Blair, 95
Haw. at 267, 21 P.3d at 472 ("the statute of limitations in a
legal malpractice claim is governed by Haw. Rev. Stat. § 657-
1(1), the accrual of which is determined by application of the
discovery rule.").  Under the discovery rule, a claim accrues
when the plaintiff discovers, or through the use of reasonable
diligence should have discovered, the act, the damage, and the
causal connection between the two.  See Ass'n of Apt. Owners of

Newtown Meadows v. Venture 15, Inc., 115 Haw. 232, 277, 167 P.3d 225, 270 (2007).  The parties agree that, under the discovery rule, all three elements must be discovered to start the limitations period.  See Opp'n 14, ECF No. 41.  Although no reported Hawaii cases address the accrual date for legal malpractice claims arising out of litigation, Hawaii courts generally follow California state courts.  The California Supreme Court has previously stated:  "The statute of limitations for legal malpractice actions commences on entry of adverse judgment or final order of dismissal."  Laird v. Blacker, 828 P.2d 691, 696 (Cal. 1992), cited in Blair, 95 Haw. at 256, 265, 21 P.3d at 461, 470.

Dominguez argues that the statute of limitations began to run only when her injury became "irremediable."  Dominguez states that the damage in her case became irremediable when all appeals were exhausted.  Dominguez's argument echoes an argument rejected by the California Supreme Court in Laird.  See Laird, 828 P.2d at 697.  The Laird court construed a California statute passed in 1977 after the California legislature deliberately declined to calculate the legal malpractice limitation period as commencing only when damages flowing from legal malpractice became "irremediable" (that is, not subject to further appeal).  The 1977 statute codified a limitation period that ran even while an appeal was pending.  The Laird court was critical of earlier

8

case law that had held that the limitation period did not begin
to run during the time in which an allegedly wronged client could
appeal or had an appeal pending.   Id.

Dominguez argues that, because Hawaii has no statute
analogous to California's legal malpractice limitation statute,
her malpractice claims, which are governed by Hawaii law, remain
subject to an "irremediability" requirement.  Therefore, she
says, they did not begin to accrue until the Hawaii Supreme Court
affirmed the Barnedos' judgment against her.  Nothing in Laird or
any other authority supports Dominguez's argument.

Laird cited with approval California cases preceding
the 1977 California statute and noting that the result of an
appeal of an underlying case does not negate a legal malpractice
claim.  Id. at 694-95.  Thus, even had the Barnedos lost their
legal malpractice case against Dominguez on appeal, Dominguez
might still have been damaged by alleged malpractice by Chang and
Demetrakopoulos during the trial of the Barnedos' case.  As the
Hawaii Supreme Court has noted, a statute of limitations begins
to run "when at least some damage is suffered and not when the
full development of damages occurs or the ultimate effect of the
breach of duty is known."  Office of Hawaiian Affairs v. State,
110 Haw. 338, 361, 133 P.3d 767, 790 (2006).  Hawaii state courts
apply this definition of damage for calculating the statute of
limitations in medical malpractice cases and personal injury

cases.  See, e.g., Hays v. City and Cnty. of Honolulu, 81 Haw. 391, 394, 917 P.2d 718, 721 (1996), Yoshizaki v. Hilo Hosp., 50 Haw. 150, 151, 433 P.2ds 220, 2221 (1967).  There is no reason to think they apply a different rule in legal malpractice cases.

As discussed in detail below, Counts I, II, III, and part of Count IV of Dominguez's First Amended Complaint are all legal malpractice claims that are time-barred.  The allegations in the First Amended Complaint suggest that Dominguez knew or should have known of these claims more than six years before filing the present action.

1.      Count I.

Count I alleges that Defendants malpracticed by failing to argue that the federal district court in the Barnedos' product liability case lacked jurisdiction because there was not complete diversity of citizenship.  See First Am. Compl. ¶ 20.  Dominguez was aware of this omission before the state trial court entered judgment on October 14, 2003, in the Barnedos' malpractice suit against her, as she allegedly asked Defendants to assert lack of jurisdiction at trial.  See First Am. Compl. ¶¶ 12, 16.  The damage resulting from the alleged malpractice is the judgment against Dominguez filed originally on October 14, 2003.  See, e.g., First Am. Compl. ¶ 47.  Although an amended final judgment was filed on February 9, 2004, the amendment only corrected a technical defect in the form of the order.  See ECF No. 38,

10

Ex. C.  Accordingly, all three elements required for accrual of
this claim were present when the judgment was filed on October
14, 2003.  Dominguez was (1) was aware of Defendants' alleged
failure to present the jurisdictional argument before trial; (2)
discovered its allegedly damaging consequences at the latest when
judgment was entered against her; and (3) knew or should have
known of "the causal connection between the former and the
latter" when the judgment was filed.  See Buck v. Miles, 89 Haw.
244, 251, 971 P.2d 717, 724 (1999).

        Dominguez filed the present action on February 23,
2010, more than six years after even the amended judgment was
filed.

                2.          Count II.

        Count II asserts that Defendants negligently failed to
present case law and expert testimony concerning the Hague
Convention and the Japan judgment.  See First Am. Compl. ¶¶ 24-
27.  Dominguez had been accused by the Barnedos of having failed
to abide by the Hague Convention procedure for service on
Marikuku, a foreign defendant.  See First Am. Compl. ¶ 24.
Dominguez also allegedly failed to represent the Barnedos in a
suit filed against them in Japan.  See id. ¶ 28.

        This claim is barred by the six-year statute of
limitations.  Count II accrued at the latest by the time of the
October 14, 2003, judgment, more than six years prior to the

filing of Dominguez's original complaint against Defendants here. At least by October 14, 2003, Dominguez knew of Defendants' alleged refusal to make such arguments or present such testimony in the state court malpractice action; she was damaged when judgment was entered that day; and she knew or should have known of the causal link between the two.

### 3. Count III.

Count III asserts that Defendants were negligent in their representation of Dominguez in the state trial court. Defendants allegedly permitted the court to give defective jury instructions, allowed prejudicial evidence to be admitted, and stipulated to a transcript of the default hearing.  See First Am. Compl. ¶¶ 34-38.

All three elements of accrual were present, at the latest, when the judgment was filed on October 14, 2003.  As co-counsel in the state court action, Dominguez was (1) aware of Defendants' alleged failures; (2) knew of the allegedly damaging consequences when judgment was entered against her; and (3) knew or was in a position to know the causal connection between the former and the latter when the judgment was filed.

### B. Count IV Fails to State a Claim.

Count IV contains two separate bases for Dominguez's claims that Defendants damaged her credibility before the trial and appellate courts.  First, Dominguez says that Defendants'

12

actions relating to Dominguez's challenge to the trial judge's impartiality damaged her.  The trial judge was married to a lawyer at a law firm to which neither Defendant belonged.  Dominguez was suing that law firm in a separate but related lawsuit.  Dominguez claims that, when she moved to recuse the trial judge, Defendants stated falsely that the judge had disclosed her spousal relationship earlier.  <u>See</u> First Am. Compl. ¶ 43.  Dominguez alleges that Defendants' conduct regarding the trial judge's alleged disclosure caused the state courts to be biased against her and to rule against her.  <u>See</u> First Am. Compl. ¶ 47.

Second, Dominguez complains about Defendants' withdrawal from their representation of her.

With respect to the trial judge's spousal relationship issue, Dominguez's claim is time-barred.  Dominguez's allegations indicate that she was acutely aware of Defendants' actions regarding the trial judge's disqualification at the time those alleged actions were occurring.  <u>See</u> First Am. Compl. ¶¶ 42-43.  The actions allegedly occurred during the trial of the Barnedos' malpractice suit against Dominguez.  Defendants allegedly undermined Dominguez during that trial, and Dominguez says that she was made by them to "look like a perjurer or a liar to the courts" with respect to the disqualification issue.  <u>Id.</u> ¶ 43.  This was an alleged damage known to her as it occurred, and the

limitation period thus immediately began to run.  Even if Dominguez were allowed to wait until entry of an adverse judgment was entered against her, she filed this action too late, more than six years after allegedly being made to look like a perjurer.

With respect to state appellate proceedings, Dominguez fails to sufficiently allege that Defendants caused the justices to be biased against her.  Defendants did not represent Dominguez before the Hawaii Supreme Court.  At most, Dominguez alleges that the justices "had access" to attorney discipline records concerning her recusal motion.  Id. ¶ 44.  However, she does not even allege that the justices used that access to inform themselves about alleged disciplinary proceedings against her before deciding the appeal.  In other words, even if the justices could have looked at disciplinary records and been biased against Dominguez as a result, absent any allegation that they did look at such records, Dominguez alleges no causal connection between Defendants' alleged actions and alleged bias by the justices.  This portion of Count IV fails to state a cognizable claim.

Dominguez's separate allegation that Defendants' withdrawal from their representation of her damaged her credibility is also insufficient under Rule 12(b)(6).  Defendants' withdrawal was subject to Hawaii Circuit Court Rule 10.1, which requires the court's approval.  See Hawaii Circuit

14

Court Rule 10.1 ("withdrawal of counsel in cases pending before the circuit courts shall be effective only upon the approval of the court").  Defendants obtained that approval from Judge Victoria S. Marks on February 26, 2004.  <u>See</u> ECF No. 38, Ex. D. Dominguez did not object to Defendants' withdrawal, seek reconsideration of Judge Marks's order, or appeal Judge Marks's order.  Even if Dominguez could not be said to have waived this claim, the court fails to see from Dominguez's pleading what relief she is entitled to with respect to a court-approved withdrawal.  While the First Amended Complaint says that Defendants delivered the case files to Dominguez in disarray, the withdrawal in February 2004 occurred before the expiration of the time in which to appeal from the amended judgment.  <u>See</u> ECF No. 38, Exs. B and C, and Haw. R. App. P. 4 ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.").  There is simply not enough in Dominguez's pleading to state a claim relating to the withdrawal.

      C.           <u>The Court Grants Defendant's Request for Judicial Notice.</u>

The court grants Defendants' motion seeking judicial notice of the exhibits attached to the motion to dismiss.  <u>See</u> Def. Mot. Dismiss 6-9, ECF No. 38.  The exhibits consist of Dominguez's related judgments and orders from Hawaii state courts.  Rule 201 of the Federal Rules of Evidence permits a

court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." A court may take judicial notice of undisputed "matters of public record." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). These can include "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Mack v. Kuckenmeister, 619 F.3d 1010, 1014 n.1 (9th Cir. 2010) (citations omitted) (taking judicial notice of judgment and filings in state court matter to determine applicability of res judicata). See also Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (taking judicial notice of an order in another case to determine applicability of collateral estoppel).

The court denies Dominguez's request to convert the motion to dismiss into a motion for summary judgment. Courts may consider matters of judicial notice without converting a motion to one for summary judgment. See United States v. 14.02 Acres of Land More or Less in Fresno Cnty., 547 F.3d 943. 955 (9th Cir. 2008); Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007); United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Given Dominguez's references to these judgments and orders in her First Amended Complaint, see First Am. Compl. ¶¶ 9, 20, and the lack of any challenge to their

16

authenticity, the court declines to convert the present motion into a summary judgment motion.

V.      CONCLUSION.

        For the foregoing reasons, the court grants Defendants' motion to dismiss.


        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, December 16, 2010




                        /s/ Susan Oki Mollway
                        Susan Oki Mollway
                        Chief United States District Judge



Dominguez v. Chang, et al., Civ. No. 10-00094; ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS.